UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

        Plaintiff,

vs.                            Case No. 2:04-cv-445-FtM-99DNF

MEDICAL SAVINGS INSURANCE COMPANY,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Medical Savings Insurance Company's ("MSIC") Motion to Dismiss for Lack of Subject Matter Jurisdiction with Incorporated Memorandum of Law (Doc. #100) filed on May 5, 2006. Plaintiff filed its Response (Doc. #103) on May 10, 2006.

In an Order (Doc. #35) dated September 20, 2005, the Court denied MSIC's Amended Motion to Dismiss (Doc. #19) Counts I, II, IV, VI, and VII of the Complaint. In a separate Order (Doc. #40) the Court granted Lee Memorial Health System's ("LMHS") voluntary dismissal of Count VIII without prejudice. Arguing that subject-matter jurisdiction may be raised at any time, defendant MSIC now seeks to dismiss the remaining counts for lack of jurisdiction. The Court adopts without repeating the recitation of the facts set forth in the September 20, 2005 Order.

The Complaint (Doc. #1) sets forth eight Counts, of which the first seven remain. Federal jurisdiction is premised upon complete diversity of citizenship and an amount in controversy in excess of

$75,000. 28 U.S.C. §1332(a). The parties do not dispute the diversity of citizenship, but defendant asserts that plaintiff has not satisfied the amount in controversy requirement. Defendant asserts that each alleged breach of contract in connection with individual patient claims is less than the jurisdictional amount, and those individual amounts cannot be aggregated because the patient claims are separate, distinct, and unrelated. In the absence of any claim exceeding the jurisdictional amount as to any individual patient, defendant argues, the case must be dismissed for lack of jurisdiction.

In a diversity case filed directly in federal court, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). See also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994); Broughton v. Florida Intern. Underwriters, Inc., 139 F.3d 861, 863 (11th Cir. 1998). The Complaint alleges damages in excess of $75,000, exclusive of interests and costs. (Doc. #1, ¶ 1). The Court will assume, for purposes of this motion, that each breach relating to an individual patient is separate, distinct and unrelated, and has been shown to a legal certainty not to equal or exceed the jurisdictional amount. Even with these assumptions, federal jurisdiction exists. A single plaintiff may aggregate two or more claims against a single defendant in order to satisfy the

jurisdictional amount, even if the claims are not factually related. <u>Wolde-Meskel v. Vocational Instruction Project</u>, 166 F.3d 59, 62 (2nd Cir. 1999); Fed.R.Civ.P. 18(a).  Since plaintiff's claims may be aggregated, defendant has not shown to a legal certainty that the jurisdictional amount is not satisfied. Therefore, the Motion to Dismiss for Lack of Subject Matter Jurisdiction will be denied.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #100) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of June, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record