```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

LEE MEMORIAL HEALTH SYSTEM,

                Plaintiff,

vs.                                  Case No.  2:04-cv-445-FtM-99DNF

MEDICAL SAVINGS INSURANCE COMPANY,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on (1) Medical Savings Insurance Company's ("MSIC") Consolidated Motion for Partial Summary Judgment as to certain Patient Accounts and Motion For Summary Judgment as to Counts I, II, IV, V, VI and VII (Doc. #90) and (2) Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. #92).  MSIC filed a separate Memorandum on Law in support of its consolidated motions for summary judgment (Doc. #91) and plaintiff filed a separate statement of material fact (Doc. #138) supporting its motion for Summary Judgment.  Lee Memorial Health System ("LMHS") and defendant filed responses in opposition (Doc. #124 and #117 respectively); both attached numerous supporting documents.  The parties have submitted voluminous documents in support of their respective positions (E.g. Docs. #94-98, 107-110).

I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be

drawn in favor of the non-moving party. <u>Shotz v. City of Plantation, Fla.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003).

## II.

LMHS "alleges a single claim for compensatory damages founded on seven legal theories: [Count I] breach of implied-in-fact contract; [Count II] breach of implied-in-law contract; [Count III] breach of insurance contract; [Count IV] breach of common law implied covenant of good faith; [Count V] wrongful interference with contractual rights; [Count VI] promissory estoppel; and, [Count VII] breach of third party beneficiary contract." (Doc. #155-1, pp.1-2.) Plaintiff brings Counts II and IV based upon assignee and third-party beneficiary theories of standing.

After thorough review of the record, the Court finds many material issues of fact remain, including but not limited to "[w]hether the course of conduct of the parties show that MSIC assented (i.e. there was a 'meeting of the minds') that MSIC would pay based upon full billed charges as to each of the Patients insured by MSIC in year 2002" (Doc. 169-3, p.15); "[w]hether MSIC paid a reasonable amount for services rendered" (<u>Id.</u>); "[w]hether MSIC's payment was based on the reasonable value for the care provided" (<u>Id.</u>); "[w]hether LMHS took a valid assignment to pursue MSIC under each of the 21 patients' insurance contracts" (<u>Id.</u> at p.16).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Medical Savings Insurance Company's ("MSIC")Consolidated Motion for Partial Summary Judgment as to certain Patient Accounts and Motion For Summary Judgment as to Counts I,II, IV, V, VI and VII (Doc. #90) is **DENIED.**

2. Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. #92) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record