UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


LEE MEMORIAL HEALTH SYSTEM,

         Plaintiff,

vs.                           Case No.  2:04-cv-445-FtM-99DNF


MEDICAL SAVINGS INSURANCE COMPANY,

         Defendant.

_____


**OPINION AND ORDER**

     This matter comes before the Court on Plaintiff's Emergency Motion to Stay Trial (Doc. #216), filed on November 6, 2006.  The Court conducted a telephone hearing on the afternoon of November 6, 2006.  For the reasons set forth below, the motion will be denied.

     Plaintiff seeks a stay of the trial, scheduled for November 7, 2006, because of a pending state case in Martin County, Florida captioned Chace, et al. v. MSIC, Case No. 03-258-CA.  Plaintiff asserts that a stay is warranted under the principles articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  The legal principles involving Colorado River are well-settled in the Eleventh Circuit.  See Moorer v. Demopolis Waterworks and Sewer Board, 374 F.3d 994 (11th Cir. 2004); Ambrosia Coal and Construction Co. v. Pages Morales, 368 F.3d 1320 (11th Cir. 2004).  In brief, a district court may stay an action when

there is an ongoing parallel action in state court if exceptional circumstances are established.  In the absence of such exceptional circumstances, a federal court as a "virtually unflagging obligation" to exercise its jurisdiction.  Six factors are typically considered: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the federal forum; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.  For the Colorado River analysis to be applicable, the federal and state proceedings must involve substantially the same parties and substantially the same issues.

The Court doubts that the federal and state proceedings satisfy the threshold issue of involving substantially the same parties and same issues.  In Chance the operative pleading is the Third-Party Class Action Complaint brought by insureds of MSIC in which the set forth claims of breach of contract and declaratory judgment.  Three issues are presented: (1) whether the Certificates of Insurance issued to the policy holders violated Fla. Stat. § 627.6515(2); (2) whether MSIC breached the policies by improperly denying or delaying payment of claims to the insureds; and (3) whether the Certificates of Insurance improperly provided for a denial of a right to a jury trial.  The health provider, Martin Memorial Medical Center, is no longer in the case.  In contrast,

the federal case involves no claims by the insureds against MSIC. Rather, the dispute is between the health provider and MSIC over the proper amount to be paid for covered claims. Most of the federal counts will not be impacted at all by the state court decision, whatever it turns out to be.

Assuming Colorado River applies, the Court determines that application of the factors does not warrant a stay. The first factor is inapplicable because neither actions are proceedings *in rem*. Ambrosia Coal, 368 F.3d at 1332. There is nothing to suggest that the federal forum in inconvenient to either party; indeed, plaintiff chose the federal forum by filing this case in federal court. The avoidance of piecemeal litigation favors a stay only if the circumstances enveloping the cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious. Ambrosia Coal, 368 F.3d at 1333. While there may be an overlapping legal issue, the Court finds that the cases raise largely distinct issues and that resolution of the contract and quasi-contract disputes involving Lee Memorial Health System will not create abnormally excessive or deleterious piecemeal litigation. The state case was filed first, but the class action aspects have only recently been resolved. The state court certified the class on December 16, 2005, and that decision was affirmed by the appellate court on October 11, 2006. Counsel for MSIC represents that no merits discovery has yet occurred, and it is clear that the state

case is not nearing completion.  Plaintiff's argument that summary judgment motions are anticipated may well be true, but the federal trial will be over by the time any such motions are resolved.  When measured in terms of the progress made, a stay of the federal trial is clearly not warranted.  It is clear that Florida law will apply.  While the Court readily concedes state court judges are better equipped to decide and apply state law, a federal court decides and applies state law with some regularity given the number of diversity jurisdiction cases filed in federal court.  Finally, the state court in <u>Chance</u> will not protect the rights of either parties with regard to most of the claims in the federal case because the state court case will not discuss those claims.  In short, the Court concludes that if <u>Colorado River</u> applies, the factors weigh heavily in favor of not granting a stay.

Accordingly, it is now

**ORDERED**:

Plaintiff's Emergency Motion to Stay Trial (Doc. #216) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of November, 2006.

JOHN E. STEELE
United States District Judge

-4-