UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

Plaintiff,

vs. Case No. 2:04-cv-445-FtM-99DNF

MEDICAL SAVINGS INSURANCE COMPANY,

Defendant.

---

SPECIAL INTERROGATORIES AND VERDICT FORM

A. Third-Party Beneficiary

Do you find from a preponderance of the evidence:

1. That a contract existed between Medical Savings Insurance Company and NPPN?

Answer Yes or No YES

2. That it was the clear or manifest intent of either the MSIC/NPPN contract itself or Medical Savings Insurance Company and NPPN that the contract primarily and directly benefit Lee Memorial Health System or a class of persons to which Lee Memorial Health System belonged?

Answer Yes or No YES

3. That Medical Savings Insurance Company breached its contract with NPPN?

Answer Yes or No NO

4. That this breach was the direct and proximate cause of the damages suffered by Lee Memorial Health System?

Answer Yes or No NO

**If you answered "no" to any of Questions 1, 2, 3, or 4 your verdict is for Medical Savings Insurance Company on plaintiff's claim of breach of third-party beneficiary contract. Please skip to question 6. If you answered "yes" to Questions 1 through 4, please proceed to Question 5.**

5. What is the amount which is the total reasonable amount required that the contract required Medical Savings Insurance Company to pay Lee Memorial Health System for its goods and service provided to the nineteen (19) patients in the twenty-one (21) patient accounts in this case. This amount must be at least $80,182.63 but can be no greater than $259,034.25.

$______________________

B. <u>Implied-in-Fact Contract</u>

**Do you find from a preponderance of the evidence:**

6. That the actions, conduct, course of dealing or course of performance of Medical Savings Insurance Company and Lee Memorial Health System establish that each party intended that Medical Savings Insurance Company would pay Lee Memorial Health System a reasonable amount for the health care goods and services rendered to Medical Savings Insurance Company's policyholders?

Answer Yes or No ____YES____

7. That Medical Savings Insurance Company breached the implied contract in fact by failing or refusing to pay Lee Memorial Health System a reasonable amount for the health care goods and services provided to the policyholders?

Answer Yes or No ____YES____

8. That as a proximate result of Medical Savings Insurance Company's actions, Lee Memorial Health System suffered damages?

Answer Yes or No ____YES____

**If you answered "no" to any of questions 6, 7, or 8, your verdict is for Medical Savings Insurance Company on plaintiff's**

**claim of breach of implied-in-fact contract. Please skip to question ~~10~~ 11. If you answered "yes" to Questions 6, 7, and 8, please proceed to Question 9.**

9. What is the amount which is the total reasonable charges by Lee Memorial Health System for its goods and service provided to the nineteen (19) patients in the twenty-one (21) patient accounts in this case. This amount must be at least $80,182.63 but can be no greater than $259,034.25.

$ 259,034.25

C. <u>Implied-in-Law Contract</u>

Do you find from a preponderance of the evidence:

11. That Lee Memorial ~~Hospital~~ Health System conferred a benefit on Medical Savings Insurance Company?

Answer Yes or No 

12. That Medical Savings Insurance Company had knowledge of the benefit?

Answer Yes or No

13. That Medical Savings Insurance Company accepted or retained the benefit conferred?

Answer Yes or No ___YES___

14. That under the circumstances it would be inequitable for Medical Savings Insurance Company to retain the benefit without paying fair value for it?

Answer Yes or No ___YES___

**If you answered "no" to any of questions 11, 12, 13, or 14, your verdict is for Medical Savings Insurance Company on plaintiff's claim of breach of implied-in-law contract. Please skip to question 16. If you answered "yes" to Questions 11, 12, 13, and 14, please proceed to Question 15.**

15. What is the amount which is the total reasonable charges by Lee Memorial Health System for its goods and service provided to the nineteen (19) patients in the twenty-one (21) patient accounts in this case. This amount must be at least $80,182.63 but can be no greater than $259,034.25.

$ 259,034.25

D. <u>Promissory Estoppel</u>

**Do you find from clear and convincing evidence:**

16. That Medical Savings Insurance Company's verbal or written representations, actions or conduct induced or caused Lee Memorial Health System to believe that Medical Savings Insurance Company would pay the full billed charges for health care services rendered to the policyholders?

Answer Yes or No YES

17. That Lee Memorial Health System justifiably relied on the representations, actions or conduct?

Answer Yes or No YES

18. That Lee Memorial Health System to its detriment provided health care services to the policyholders?

Answer Yes or No YES

19. That Medical Savings Insurance Company reasonably should have expected that Lee Memorial Health System would rely on its representations, action or conduct and be induced to render health care services to the policyholders?

Answer Yes or No YES

20. That it would be unjust not to require the Medical Savings Insurance Company to pay the full billed charges for the health care services rendered to the policyholders?

Answer Yes or No ___YES___

**If you answered "no" to any of questions 16, 17, 18, 19 or 20, your verdict is for Medical Savings Insurance Company on plaintiff's claim of promissory estoppel. Please skip to question 22. If you answered "yes" to Questions 16, 17, 18, 19, and 20, please proceed to Question 21.**

21. What is the amount which is the total reasonable charges by Lee Memorial Health System for its goods and service provided to the nineteen (19) patients in the twenty-one (21) patient accounts in this case. This amount must be at least $80,182.63 but can be no greater than $259,034.25.

$ 259,034.25

E. Insurance Contract

**Do you find from a preponderance of the evidence:**

22. That the right to payment of benefits under the insurance policies were assigned by the policyholders to Lee Memorial Health System, or that Lee Memorial Health System is a third party beneficiary of the insurance policies?

Assignment: Answer Yes or No ___YES___

Third Party Beneficiary: ___Yes___

23. That Medical Savings Insurance Company breached an obligation under the insurance contracts?

Answer Yes or No ___YES___

24. That as a proximate result of Medical Savings Insurance Company's breach, Lee Memorial Health System suffered damages?

Answer Yes or No ___YES___

**If you answered "no" to any of questions 23, or 24, your verdict is for Medical Savings Insurance Company on plaintiff's claim of breach of insurance contract. Please skip to question 26. If you answered "yes" to Questions 22, 23, and 24, please proceed to Question 25.**

25. What is the amount which is the total reasonable charges by Lee Memorial Health System for its goods and service provided to the nineteen (19) patients in the twenty-one (21) patient accounts in this case. This amount must be at least $80,182.63 but can be no greater than $259,034.25.

$ 259,034.25

F. <u>Wrongful Interference with Contractual Rights</u>

**Do you find from a preponderance of the evidence:**

26. That contracts existed between Lee Memorial Health System and its patients insured by Medical Savings Insurance Company?

Answer Yes or No YES

27. That Medical Savings Insurance Company knew of the contracts?

Answer Yes or No YES

28. That Medical Savings Insurance Company intentionally enticed, induced or encouraged Lee Memorial Health System's patients not to honor or comply with their obligations under the contracts?

Answer Yes or No YES

29. That Medical Savings Insurance Company had no lawful justification or privilege to entice, induce or encourage the patients not to honor or comply with their obligations under the contract?

Answer Yes or No YES

30. As a proximate result of Medical Savings Insurance Company's wrongful acts, Lee Memorial Health System suffered damages?

Answer Yes or No YES

**You need not compute any amount of damages. The Court will compute any such amount based upon your answers to these interrogatories.**

**SO SAY WE ALL.**

Elaine Brown

Foreperson

January 19th 2007

Date