UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

                Plaintiff,

vs.                              Case No.  2:04-cv-445-FtM-29DNF

MEDICAL SAVINGS INSURANCE COMPANY,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on MISC's Motion for Determination of Entitlement to Attorneys' Fees, Costs, and Expenses (Doc. #288), filed on February 2, 2007, and Plaintiff's Motion for Rule 11 Sanctions (Doc. #307), filed March 16, 2007. Responses were filed by both sides.

Defendant seeks attorney fees, costs and expenses under the Florida offer of settlement statute, FLA. STAT. § 768.79, under 28 U.S.C. § 1927, and under Fed. R. Civ. P. 11.  Plaintiff seeks Rule 11 sanctions against defendant for filing the motion for attorney fees, costs and expenses.  The Court finds neither party is entitled to relief.

On March 3, 2006, defendant made an Offer of Judgment to plaintiff pursuant to FLA. STAT. § 768.79 to resolve "all of the patient accounts identified in this litigation" for the sum of

$415,840.03, which sum included all attorneys' fees, interest and costs, plus some non-monetary terms. (Doc. #288-2.) Defendant argues that because the final judgment of $243,848.80 is not at least 75% of the amount offered, it is entitled to attorney fees and expenses incurred after March 3, 2006. Assuming that FLA. STAT. § 768.79 is not preempted by FED. R. CIV. P. 68, the Court finds that defendant has not shown entitlement to relief pursuant to FLA. STAT. § 768.79. The Offer of Judgment was not limited to the 2002 patient accounts which were determined by the jury verdict. Rather, the Offer of Judgment applied to "all of the patient accounts identified in this litigation," which at the time was anywhere between 45 to 60 patient accounts, and included accounts other than for 2002. (See record citations in Doc. #299, pp. 2-3.) The lawsuit concerning these other accounts is pending, and therefore defendant has not satisfied the 75% standard.

The standards for imposing sanctions under the Court's inherent power and under 28 U.S.C. § 1927 were discussed at some length in Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180 (11th Cir. 2006). The Court finds that defendant has not established that sanctions are warranted in this case.

The standard for imposing sanctions under Rule 11 is set forth in Anderson v. Smithfield Foods, Inc., 353 F.3d 912 (11th Cir. 2003), among other cases. The Court finds that neither defendant nor plaintiff has established that Rule 11 sanctions are warranted in this case.

Accordingly, it is now

**ORDERED:**

1.  MISC's Motion for Determination of Entitlement to Attorneys' Fees, Costs, and Expenses (Doc. #288) is **DENIED.**

2.  Plaintiff's Motion for Rule 11 Sanctions (Doc. #307) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of July, 2007.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies: Counsel of record