UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

            Plaintiff,

vs.                              Case No.   2:04-cv-445-FtM-29DNF

MEDICAL SAVINGS INSURANCE COMPANY,

            Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant's Consolidated Motion to Dismiss for Lack of Subject Matter Jurisdiction, Renewed Summary Judgment, Directed Verdict, Judgment Notwithstanding Verdict (JNOV) and Motion for New Trial (Doc. #282), filed on February 2, 2007.  Defendant filed a Notice of Filing Supplemental Authority (Doc. #294), and plaintiff filed its Response (Doc. #300) on February 23, 2007.

**I.**

As to the subject matter jurisdiction arguments, these have been stricken at the request of defendant.  (Doc. ## 306, 321.) Accordingly, this motion will be denied as moot.

**II.**

Defendant's "renewed" motion for summary judgment is denied. A summary judgment motion is decided upon the record as it is submitted at the time of the motion.  This record does not change,

even after a trial. Since nothing has changed as to the summary judgment motion, the summary judgment motion remains denied.

### III.

Defendant has also filed a renewed motion for judgment as a matter of law (which it refers to as a motion for directed verdict and judgment notwithstanding verdict) pursuant to FED. R. CIV. P. 50(b). A Rule 50 judgment as a matter of law is appropriate "when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim." Collado v. UPS, 419 F.3d 1143, 1149 (11th Cir. 2005)(citations omitted). Resolution of such a motion, whether at the close of the evidence or when renewed, focuses on whether there is a legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. The Eleventh Circuit has recently emphasized that "[r]egardless of timing, . . . in deciding on a Rule 50 motion a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence." Chaney v. City of Orlando, Fla., 483 F.3d 1221, 1227 (11th Cir. 2007). As such, "[t]he jury's findings should be excluded from the decision-making calculus on a Rule 50(b) motion, other than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial." Id. at 1228. The Court looks at the record evidence drawing all inferences in favor of the nonmoving party. Collado, 419 F.3d at 1149. A Rule 50 motion may not be granted if

reasonable and fairminded persons in the exercise of impartial judgment might reach different conclusions from the evidence at trial. Walls v. Button Gwinnett Bancorp, Inc., 1 F.3d 1198, 1200 (11th Cir. 1993).

The Court presided over the pretrial dispositive motions and jury trial, and has read all the motions, responses and attachments, and finds as follows as to the arguments:

Defendant argues that Count I (implied-in-fact contract) fails because there is insufficient evidence of an agency relationship between NPPN and defendant and insufficient evidence to support the formation of a mutual meeting of the minds. Defendant also argues that because plaintiff has relief under Count III, breach of contract, Count I must be dismissed. Even assuming an agency relationship is required, the Court finds that the evidence was sufficient to allow a reasonable jury to find an agency relationship and the formation of a mutual meeting of the minds. Therefore, the renewed motion for judgment as a matter of law is denied as to Count I.

Defendant argues that Count II (implied-in-law contract) is an equitable remedy which fails because plaintiff has an adequate remedy at law, i.e., the breach of contract claim in Count III. Defendant also argues that Count II must fail because the services provided to its insured by plaintiff did not confer a benefit on defendant. The Court finds that the presence of Count III, breach of contract, does not require plaintiff to elect remedies under

Florida law because the counts are not inconsistent. Macola v. Gov't Employees Ins. Co., 410 F.3d 1359, 1364 (11th Cir. 2005)(citing Barbe v. Villeneuve, 505 So. 2d 1331, 1332 (Fla. 1987)). As everyone agrees, plaintiff can only make a single recovery for Counts I, II, III, and VI. The Court also finds that a reasonable jury could well find that the services provided to defendant-insurer's customers (plaintiff's patients) conferred benefits upon defendant. Therefore, the renewed motion for judgment as a matter of law is denied as to Count II.

Defendant argues that Count III (breach of contract) fails because it had no obligation to pay more than 80% of the billed charges before April 8, 2002, plaintiff failed to prove an entitlement to the full-billed charges, and the verdict requiring defendant to pay full billed charges is therefore flawed. As plaintiff correctly points out, defendant failed to seek a judgment as a matter of law as to Count III at the conclusion of plaintiff's evidence or at the close of all the evidence. The Court cannot consider a "renewed" motion for judgment as a matter of law when none was made previously. Austin-Westshore Constr. Co. v. Federated Dep't. Stores, Inc., 934 F.2d 1217, 1222 (11th Cir. 1991); Collado, 419 F.3d at 1152 n.6. Even if properly before the Court, there is sufficient evidence to allow a reasonable jury to find as it did. Therefore, the motion for judgment as a matter of law is denied as to Count III.

Defendant argues that Count V (wrongful interference with contractual rights) fails because its conduct was justified and did not constitute wrongful interference and there was no wrongful intent.  There was sufficient evidence for a reasonable jury to find to the contrary as to both issues.  Therefore, the renewed motion for judgment as a matter of law is denied as to Count V.

Defendant argues that Count VI (promissory estoppel) fails because defendant never promised to pay anything other than what was owed under the respective policy, and plaintiff's reliance was inherently unreasonable and legally unjustified.  There was sufficient evidence for a reasonable jury to find to the contrary as to both issues.  Therefore, the renewed motion for judgment as a matter of law is denied as to Count VI.

Defendant argues that Count VII (breach of NPPN contract) fails because plaintiff was never an intended third party beneficiary of the MSIC-NPPN agreement and plaintiff failed to establish sufficient evidence showing that defendant's payments were based exclusively on the LMHS-NPPN Agreement.  There was sufficient evidence for a reasonable jury to find to the contrary as to both issues.  Therefore, the renewed motion for judgment as a matter of law is denied as to Count VII.

### IV.

Defendant has also filed a motion for new trial pursuant to FED. R. CIV. P. 50(c), 59, and 60(b).  A Rule 59 motion for a new trial may be granted "for any of the reasons for which new trials

have heretofore been granted in actions at law in courts of the United States; . . ." F<span>ED</span>. R. C<span>IV</span>. P. 59(a). Such reasons include a verdict which is against the weight of the evidence, and substantial errors in the admission or rejection of evidence or the instructions to the jury. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). In reviewing the weight of the evidence, the Court cannot substitute its own credibility choices and inferences for the reasonable choices and inferences made by the jury. Walls, 1 F.3d at 1201; Redd v. Phenix City, 934 F.2d 1211, 1215 (11th Cir. 1991).

Defendant seeks a new trial because plaintiff improperly utilized parol evidence, its closing remarks (although without objection) were in derogation of the Code of Professional Responsibility by appealing to local predispositions against out-of-state insurers, and threatening increased taxes, reduced medical services and loss of jobs, and misrepresented facts. Defendant also argues that the evidence is contrary to the manifest weight and probative force of the evidence and justice.

The Court finds that the verdicts rendered by the jury was not contrary to the manifest weight of the evidence or justice. Indeed, the jury performed their job as expected, determining facts from evidence which was sometimes contradictory. Additionally, defendant has not identified any offending parol evidence, or any objections to such evidence. Defendant's showing as to parol evidence therefore does not support a new trial. Finally,

plaintiff's closing arguments are governed by federal standards. The arguments made by plaintiff's counsel were supported by the evidence, and no objections were made either to the evidence or the closing arguments.  In the context of this case, from opening statements through closing arguments, the closing arguments were not in violation of the Code of Professional Responsibility.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED** as moot.

2. Defendant's Consolidated Renewed Summary Judgment, Directed Verdict, Judgment Notwithstanding Verdict (JNOV) and Motion for New Trial (Doc. #282) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of July, 2007.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record