```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

LEE MEMORIAL HEALTH SYSTEM,

                Plaintiff,

vs.                                   Case No.  2:04-cv-445-FtM-29DNF

MEDICAL SAVINGS INSURANCE COMPANY,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Attorney's Fees (Doc. #283), filed on February 2, 2007. Defendant filed a Response to Plaintiff's Motion for Attorney's Fees (Doc. #302) on February 23, 2007. Also before the Court are supplemental filings made under several Notices. (See Docs. #287, #290, #297, #311, #313, #315.)

    A Judgment in a Civil Case (Doc. #274), pursuant to a jury verdict, was entered on January 22, 2007, as amended by the Court's July 6, 2007 Opinion and Order (Doc. #320), providing that plaintiff "is entitled to a single recovery of a total of $243,848.80 from defendant as to Counts I, II, III, and VI, plus $2,428.36 as to Count V, for total damages of $246,277.16." It was also determined that plaintiff would be entitled to prejudgment interest to the date of the amended judgment, for which plaintiff filed a Notice of Recalculation of Prejudgment Interest (Doc. #325) through July 31, 2007. It is undisputed that plaintiff is the

prevailing party. Plaintiff seeks attorney's fees of $533,798.70 pursuant to FLA. STAT. § 627.6698.[1] Anticipating defendant's reliance on FLA. STAT. § 627.6515(2)[2], plaintiff argues that this

---

[1]Under Florida Statute 627.6698,

(1) Upon the rendition of a judgment by any of the courts of this state against an insurer and in favor of any resident of this state who is one of a group of persons insured under a master group health insurance policy executed by the insurer and covering residents of this state, whether issued or delivered inside or outside this state, the trial court or, in the event of an appeal in which the insured prevails, the appellate court shall award the insured a reasonable attorney's fee. However, attorney's fees shall not be allowed if the suit was commenced prior to the expiration of 60 days after proof of the claim was duly filed with the insurer.

(2) When so awarded, the attorney's fee shall be included in the judgment or decree rendered in the case.

[2]Under Florida Statute Section 627.6515 (2002),

(1) Any group health insurance policy issued or delivered outside this state under which a resident of this state is provided coverage shall comply with the provisions of this part in the same manner as group health policies issued in this state.

(2) Except as otherwise provided in this part, this part does not apply to a group health insurance policy issued or delivered outside this state under which a resident of this state is provided coverage if:

(a) The policy is issued to . . . an association group to cover persons associated in any other common group, which common group is formed primarily for purposes other than providing insurance; . . .

(b) Certificates evidencing coverage under the policy are issued to residents of this state and contain in contrasting color and not less than 10-point type the following statement: "The benefits of the policy providing your coverage are governed primarily by the law
(continued...)

exclusionary provision is not applicable because defendant has not strictly complied with all of its requirements. Medical Savings responds that it has substantially complied with the statute, and therefore it is not required to pay attorney fees. Both sides acknowledge <u>Modder v. American Nat'l Life Ins. Co. of Texas</u>, 688 So. 2d 330, 333 (Fla. 1997), which held "that the exclusion provision of section 627.6515(2) exempts insurers from liability for attorney's fees under section 627.6698."

Based upon the record in this case, the Court finds that Medical Savings Insurance Company has established the following:

1.  The two insurance policies at issue were group health insurance policies;

2.  These group master health insurance policies were issued or delivered outside the State of Florida, in California as to the American's for Tax Reform (ATR) and in Washington, D.C. as to the Citizen's for a Sound Economy (CSE);

3.  Under these group health insurance policies residents of the State of Florida were provided health insurance coverage;

4.  Each of the policies was issued to an association group of

---

$^{2}$(...continued)
of a state other than Florida"; and

(c) The policy provides the benefits specified in ss. 627.419, 627.6574, 627.6575, 627.6579, 627.6612, 627.66121, 627.66122, 627.6613, 627.667, 627.6675, 627.6691, and 627.66911.

covered persons associated in a common group, and each common group was formed primarily for purposes other than providing insurance;

5. Certificates evidencing coverage under each policy were issued to residents of the State of Florida and were not issued without enrollment in one of the associations;

6. The Certificates contained in contrasting color[3] and not less than 10-point type the statement: "The benefits of the policy providing your coverage are governed primarily by the law of a state other than Florida";

7. The master policies provide the benefits listed in FLA. STAT. § 627.6515(2)(c); and

8. While not a requirement of the exemption, defendant has complied with the requirements of FLA. STAT. §§ 627.6515(4), (5), and (6).

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Attorney's Fees (Doc. #283) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of July, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

---

[3] The Court finds that the use of a shaded box in the absence of a color printer is acceptable, see Doc. #302-14, p. 26, or alternatively that defendant's substantial compliance argument (Doc. #302, pp. 7-10) is meritorious.

-4-

```
Copies:
Counsel of record
DCCD
```